Filed 8/4/16  P. v. Williams CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALONZO DWAYNE WILLIAMS,<br><br>    Defendant and Appellant. | 2d Crim. No. B270704<br>(Super. Ct. No. F496076)<br>(San Luis Obispo County) |

Alonzo Dwayne Williams appeals a postjudgment order denying his petition to reduce his felony conviction of conspiracy to furnish controlled substances to a prison inmate (Pen. Code,[1] §§ 182, subd. (a), 4573.6) to a misdemeanor pursuant to section 1170.18, which was enacted as part of Proposition 47.  Appellant pled no contest to the charge in February 2014 and was sentenced to four years in state prison.  He did not appeal his conviction or sentence.

We appointed counsel to represent appellant on appeal.  After examining the record, counsel filed an opening brief in which no issues were raised.  On May 11, 2016, we advised appellant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider.  In a

_____

[1] All statutory references are to the Penal Code.

timely response, appellant contends that the attorney who represented him on the conspiracy charge provided ineffective assistance of counsel. He claims, among other things, that his attorney urged him to plead no contest by misrepresenting that his conviction would subsequently be reduced to a misdemeanor under Proposition 47. He also contends the court erred in declining to resentence him because the crime of which he was convicted is not an "excludable offense."

Appellant's claims of ineffective assistance are not cognizable here because they relate to the judgment of conviction, not the postjudgment order that is the subject of this appeal. In any event, appellant's claim that his no contest plea was induced by counsel's misrepresentation that Proposition 47 would apply is patently disingenuous because appellant entered his plea over eight months before the voters approved the initiative.

We also reject appellant's claim that the court erred in denying his petition for resentencing. In support of his claim, appellant attaches a document prepared by the San Diego County Public Defender's office entitled "Prop. 47 Excludable Offenses." That document is a "non-exclusive list" of *prior* offenses that render a prisoner ineligible for resentencing, as provided in subdivision (i) of section 1170.18. The list does not purport to identify the *current* offenses that are ineligible for resentencing. Moreover, the current offenses *eligible* for resentencing are enumerated in subdivisions (a) and (b) of section 1170.18. Because the crime of conspiracy to furnish controlled substances to a prison inmate (§§ 182, subd. (a), 4573.6) is not included, appellant's petition for resentencing was properly denied.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441; *People v. Kelly* ( 2006) 40 Cal.4th 106, 125-126.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

2

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

Donald G. Umhofer, Judge

Superior Court County of San Luis Obispo

_____


California Appellate Project, Jonathan B. Steiner and Richard B. Lennon for Defendant and Appellant.

No appearance for Plaintiff and Respondent.